## SOUTHERN RY. CO. v. BLEVINS.

(Circuit Court of Appeals, Seventh Circuit. April 12, 1904.)

No. 1,014.

1. MASTER AND SERVANT—RAILROADS—INJURIES TO SERVANT—NEGLIGENCE OF FOREMAN.

Burns' Ann. St. Ind. 1901, § 7083, provides that every railroad corporation shall be liable in damages for personal injury suffered by any employé while in its service, the employé being in the exercise of due care and diligence, where the injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employé at the time of the injury was bound to conform and did conform. *Held*, that where the foreman of an inexperienced trackman, with knowledge that a buckled rail, when released by the removal of the bolts, was liable to spring with great force, directed such trackman to remove the last bolt holding such rail by tapping it with a wrench while standing between the rails of the track, and, on the bolt being driven out, the rail sprung inward, striking the trackman and inflicting serious injuries, the railway company was liable therefor under such section.

2. SAME—PLEADING—INSTRUCTION.

Where a complaint in an action for injuries to an inexperienced railroad trackman, caused by his being struck by the springing of a buckled rail as he released the bolts binding the same, under the direction of his foreman, alleged that plaintiff was ignorant of the danger, but that the

foreman "knew" that the removal of a rail under such circumstances might be attended with such springing of the rail, the complaint should be construed as alleging merely that the foreman should have known of such danger, and not necessarily that he had actual knowledge thereof.

**3. APPEAL—EXCEPTIONS—REVIEW.**
Where the record on appeal fails to show that an exception was reserved to an instruction given, an objection thereto cannot be reviewed.

In Error to the Circuit Court of the United States for the District of Indiana.

John D. Wellman, for plaintiff in error.

Henry Warrum, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge. The action was begun originally by defendant in error against plaintiff in error in the Circuit Court of Floyd County, Indiana, and was removed by the plaintiff in error, a corporation organized under the laws of the state of Virginia, into the Circuit Court of the United States for the District of Indiana, the defendant in error being a citizen of the state of Indiana. The action was to recover damages for personal injuries sustained by defendant in error, a section hand, while in the service of the plaintiff in error, and resulted in a verdict and judgment in favor of defendant in error for two thousand five hundred dollars.

The record shows that defendant in error had had no experience in the taking up or laying down of rails, having been engaged in track work but five days before the injuries were sustained. The work was done under the supervision of the section foreman, and the track foreman, who were both in attendance at the time the accident occurred.

The section gang was engaged at the time of the injuries in removing a buckle out of the track, caused by expansion of the rails. To do this it was necessary to take up and shorten one of the rails, the rail chosen being what is known as a short rail, about fifteen feet in length, connected at either end, by fish plates, with the regular thirty foot rails. Under the direction of the foreman, the spikes on the inside of the short rail were drawn, as also the spikes on the inside of the connecting thirty foot rail, for a distance of about twelve feet from the fish plate. Defendant in error was then set at work at the joint, to remove the bolts, being allowed to stand while this was being done between the rails. The nuts having been removed, all the bolts except one yielded to removal by the fingers. This one would not come out. Thereupon the foreman told defendant in error to tap it lightly with his wrench. On doing this the bolt fell out, accompanied by an inward springing of the rail of from eighteen inches to two feet, striking defendant in error about the legs and feet, and inflicting the injuries for which the action was brought.

There was evidence tending to show that among railroad men it was known that rails thus buckled were liable, the bolts being removed, to spring with great force. But plaintiff in error insists that however this may have been, or whatever may have been its liability in an action brought on that state of facts, the action below was not such an action, and was not predicated on such facts.

130 F.—44

The complaint set forth the conditions already named; and defendant in error's ignorance of the danger lurking therein, and then averred that the foreman "knew" that the removal of a rail under such circumstances might be attended with just such dangers as occurred. The contention is, that such averment must be taken, not as one of constructive knowledge on the part of the foreman, but of actual knowledge, and that so construed, the proof fails to sustain the complaint. Further it is contended that though the averment be taken as one of constructive knowledge upon the part of the foreman, no cause of action under the Indiana statute is alleged.

We shall take up the latter contention first. The statute under which the action was brought provides:

"That every railroad or other corporation, except municipal, operating in this state, shall be liable for damages for personal injury suffered by any employé while in its service, the employé so injured being in the exercise of due care and diligence, in the following cases: * * *

Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employé at the time of the injury was bound to conform and did conform." Section 7083, Burns' Ann. St. 1901.

We are of the opinion that this statute covers a case of negligence where the person, having the right to give orders, gave an order which he knew, or from his experience ought to have known, might result in injuries to the employé; and it was on this theory of the law that the case was tried, for the court directed the jury that if the foreman knew, or by the exercise of ordinary prudence as a man of experience in his line of work ought to have known, that the order given to defendant in error would subject him to danger of just such injury as occurred to him, the plaintiff in error was liable.

We are of the opinion also that the right of action thus arising under the statute was fairly embodied in the complaint. The complaint proceeds on the general ground of negligence; not willful negligence, but negligence in its general significance. A fair interpretation of a complaint based on such negligence must assume that the knowledge imputed is not necessarily knowledge actually in mind at the time the injuries occurred, but such knowledge as ought to have been in mind when the order was given.

This disposes of all the substantial errors assigned, except the one in the instruction of the court, that the burden of proving contributory negligence was upon the defendant. An examination of the record shows that no exception to this instruction was preserved, and on this no error has been assigned.

The judgment below will be affirmed.