DECIDED IN

# THE SUPREME COURT

OF

# OREGON.

Argued July 1, affirmed July 28, 1914.

## DYGERT v. EUGENE.*

(143 Pac. 643.)

**Electricity—Care Required—Proximity of Wires.**

1. The stringing by a city of an electric wire carrying 2,200 volts, only three inches above the wires of an electric company carrying approximately 120 volts, is gross negligence.

[As to liability of city for negligence in operating an electric light plant, see note in Ann. Cas. 1912B, 817.]

**Electricity—Actions for Injuries—Pleading and Proof.**

2. In an action against a city and an electric company for injuries by a high voltage of electricity conveyed from the city's wires by contact with the wires of the company which were designed to carry a low voltage, the allegation of the complaint that the defendant well knew the defective and dangerous manner in which the city strung its wire, and negligently permitted it to remain in dangerous proximity to the wires used by the company, was sufficient to admit proof of imputed, as well as acquired, knowledge of the danger.

**Electricity—Care Required—Notice of Defect or Danger.**

3. An electric company is chargeable, not only with actual knowledge of dangerous proximity of the electric wires of the city, but with everything which it reasonably ought to know by reasonable care and diligence.

From Lane: LAWRENCE T. HARRIS, Judge.

*For the liability of an electric company for negligence with respect to electric current as affected by concurring negligence of third persons, see note in 7 L. R. A. (N. S.) 293.      REPORTER.

Department 2.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by Bertha E. Dygert against the City of Eugene, a municipal corporation, and the Oregon Power Company, a corporation, for personal injuries arising out of the following facts: Some time previous to the year 1912 the Oregon Power Company, pursuant to a franchise granted by the City of Eugene, erected poles and strung wires thereon for the purpose of furnishing electric light to the public. So far as appears from the evidence it was then the only company engaged in that business, having the field to itself. The wires were properly and safely strung for the purposes indicated, and but for the subsequent action of the city hereinafter mentioned there was no danger that any accident of the character hereinafter detailed would result from their being placed in the positions they occupied. In 1912 the City of Eugene installed an electric plant, and strung one of its wires carrying 2,200 volts of electricity so that it crossed an electric light wire of the Oregon Power Company at nearly a right angle and only three inches above it. The wires of the Oregon Power Company carried approximately 120 volts, sufficient only to afford light and to operate an electric flat-iron, and not strong enough to cause injury. Owing to the natural sagging of the wire strung by the city it came in contact with the wire strung by the power company, causing a high and dangerous voltage to be transmitted to its wire and along the wire to the residence of plaintiff. Plaintiff was engaged in ironing with an electric flat-iron, and, happening to lean against an iron sink near the table, where she was working, the whole current from the surcharged wire passed through her body, inflicting

very serious injuries. This action was brought against both defendants, the complaint charging negligence by the city in placing its wires in such dangerous proximity to the wires of the power company, and further alleging that the power company well knew that they were so placed and the dangers attendant thereon, and that it negligently permitted such dangerous conditions to continue.

The defendants answered separately, and upon the trial plaintiff had a verdict and judgment against both defendants, from which they appeal.     AFFIRMED.

For appellant, City of Eugene, there was a brief over the names of *Mr. G. F. Skipworth* and *Mr. Jay L. Lewis,* with an oral argument by *Mr. Skipworth.*

For appellant, Oregon Power Company, there was a brief over the names of *Mr. Richard Shore* and *Messrs. Woodcock, Smith & Bryson,* with an oral argument by *Mr. Shore.*

For respondent there was a brief over the names of *Mr. Fred E. Smith* and *Mr. Lark Bilyeu,* with an oral argument by *Mr. Smith.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The foregoing statement is greatly condensed, but is deemed sufficient to cover the points raised upon this appeal. The evidence for plaintiff tends to show that the wire of the city should have been strung approximately 24 inches above the wire of the power company, but that as a matter of fact it was strung only three inches above it. That this was gross negligence under the circumstances is clear, and that this negligence was the primary cause of the accident is also clear; and it is unnecessary to consider whether

the city is liable only in a case where the evidence shows want of ordinary care or some higher degree of care, the evidence disclosing the fact that practically no care was taken.

2. On behalf of the defendant power company it is contended that there is no evidence tending to show that it or its agents had any knowledge of the dangerous manner in which the city's wires were strung, and so far as actual knowledge by this particular defendant is concerned, it must be admitted that the proof is not strong. The allegation of the complaint that defendant "well knew" the defective and dangerous manner in which the city strung and maintained its wire, and negligently permitted it to remain in dangerous proximity to the wires used by it, whereby the plaintiff was injured, was sufficient to admit proof of imputed as well as acquired knowledge: Thompson, Negligence (2 ed.), p. 8; *Southern Ry. Co.* v. *Blevins,* 130 Fed. 688 (66 C. C. A. 40).

3. A party is charged not only with that of which he actually takes cognizance by his senses, but with everything which he reasonably ought to know by the exercise of ordinary care and diligence. Where the means of knowledge exist, accessible to the party and capable of communicating positive information, he is presumed to have known everything which the use of these means would have communicated to him. It is evident that had the power company by its agents made that diligent investigation of the situation which the highly dangerous agencies conducted by them required, it would readily have discovered that the city was placing its wires in such proximity to its own as to be a menace to plaintiff and its other patrons. While the negligence of the city was active and gross, and that of the power company passive, yet as to the plaintiff

it cannot be held to be innocent of all negligence. It may be possible, and even probable, that if this were an action between these defendants to determine the matter of contribution after payment of plaintiff's damages, the company might recover any sum it had been compelled to pay on account of the city's primary negligence; but we are not called upon in this action to adjust the relative liability of the defendants as between each other, and, the active negligence of one and the passive negligence of the other having both contributed to the injury of plaintiff, both, as to her, must be held liable.

Upon the whole case we are of opinion that the judgment was such as should have been rendered, and it is therefore affirmed.          AFFIRMED.

MR. JUSTICE EAKIN, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.